## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:26-cv-02329-DTB**                                     Date: **May 7, 2026**

Title:  **Narender Lnu v. Fereti Semaia, et al,**
===============================================================

**DOCKET ENTRY**
===============================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                                        n/a
Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:
        None present                                  None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DOCKET NO. 3], BUT PROHIBITING PETITIONER'S REMOVAL FROM THE DISTRICT DURING PENDENCY OF THE CASE**

The Court has reviewed Petitioner's Motion for Temporary Restraining Order and Preliminary Injnction ("TRO Application") (Docket No. 3), which was filed in conjunction with Petitioner's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  With both the Petition and TRO Application, Petitioner seeks immediate release from immigration detention, as well as other relief.

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:  (A) [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will  result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required."  Fed. R. Civ. P. 65(b)(1).  In order to obtain a preliminary injunction, the plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted).

MINUTES FORM 11                                Initials of Deputy Clerk  RAM
CIVIL-GEN

In accordance with General Order 26-05, what is effectively an expedited briefing schedule has already been set on the Petition here. See Docket No. 6. As explained in General Order 26-05:

> The standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule.

Id. at 6 § 3. Thus, to obtain the ex parte relief of a temporary restraining order that Petitioner seeks here, Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). To do this, "the evidence must show that the moving party's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures." Id. And under General Order 26-05, the regular noticed motion procedures in a habeas case such as this provide for full briefing of the Petition within about 10 days if Petitioner is represented, or within about 21 days if Petitioner is unrepresented.

Here, Petitioner has applied for a temporary restraining order based primarily on the allegations in the Petition that his present confinement is unlawful.

Although the Court appreciates Petitioner's desire for immediate relief under these circumstances, it finds Petitioner has not shown he faces imminent, irreparable harm if his Petition is decided by the expedited briefing schedule set in accordance with General Order 26-05. Accordingly, Petitioner's TRO Application (Docket No. 3) is DENIED.

In order to preserve the Court's jurisdiction pending a ruling in this case, however, IT IS ORDERED that Petitioner shall not be removed from the Central District of California pending resolution of this case, or unless otherwise ordered by the Court. See U.S. v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (concluding the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); Cal. Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction.").

**IT IS SO ORDERED**.